**UNITED STATES Of America,**
**Plaintiff—Appellee,**

v.

**Noel Javier SALAZAR–PARRA,***
**Defendant—Appellant.**

**No. 03–10247.**
**D.C. No. CR–01–00673–4–JAT.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.**

Decided June 21, 2004.

Michael Thomas Morrissey, Kevin M. Rapp, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Noel Javier Salazar–Parra, Safford, AZ, Defendant–Appellant Pro Se.

Douglas C. Erickson, Phoenix, AZ, for Defendant–Appellant.

Before HALL, LEAVY and FISHER, Circuit Judges.

## MEMORANDUM***

Noel Javier Salazar–Parra appeals his guilty-plea conviction and 120–month sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

---

* The Clerk shall amend the caption to reflect the correct spelling of appellant's name.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Salazar–Parra seeks to challenge the denial of his motion to suppress statements and evidence in the district court. However, at the plea colloquy, Salazar–Parra acknowledged that he had entered into a plea agreement in which he waived the right to appeal his conviction and sentence. We therefore enforce the waiver and dismiss the appeal. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (recognizing that waiver of appeal bars underlying challenges to conviction and sentence if waiver is knowingly and voluntarily made).

DISMISSED.

---

\* The Clerk shall amend the caption to reflect the correct spelling of appellant's name.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.